# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN - AMENDED
## AND RELATED MOTIONS

Name of Debtor(s):  **Basil R. Veal**
**Anita M. Veal**

Case No: **11-16423-BFK**

This plan, dated **July 24, 2012**, is:

☐ the *first* Chapter 13 plan filed in this case.

☒ a modified Plan, which replaces the
☒ confirmed or ☐ unconfirmed Plan dated **September 1, 2011**.

Date and Time of Modified Plan Confirming Hearing: **9/6/2012; 1:30 p.m.**

Place of Modified Plan Confirmation Hearing: **Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, Virginia 22314**

The Plan provisions modified by this filing are: **3A; 3B; 3D; 4A (increasing dividend to unsecureds); 5A; and 11.**

Creditors affected by this modification are: **All creditors.**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$582,175.00**
Total Non-Priority Unsecured Debt: **$286,336.00**
Total Priority Debt: **$0.00**
Total Secured Debt: **$559,700.00**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$2100.00 per month for 60 months**. Other payments to the Trustee are as follows: __NONE__ . The total amount to be paid into the plan is $ __126,000.00__ .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.  **Administrative Claims under 11 U.S.C. § 1326.**

        1.  The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
        2.  Debtor(s)' attorney will be paid $__460.00__ balance due of the total fee of $__3,000.00__ concurrently with or prior to the payments to remaining creditors.

    B.  **Claims under 11 U.S.C. §507.**
        The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A.  **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **United Consumer Fin. Svcs.** | **Kirby Vacuum Cleaner** Location: 30 Olive Place, Fredericksburg VA 22405 | Opened 7/01/10 Last Active 7/12/11 | 1,001.00 | 500.00 |

    B.  **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **Lando Resorts Corp.** | **2 BR Vacation Village at Parkway Timeshare Interest Parkway Boulevard, Kissimmee, FL Unit Week #05, Unit #12601** | 2,500.00 | 9,990.00 |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                                                     Best Case Bankruptcy

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **Orange Lake Country Club** | **2 BR Orange Lake Country Club Villas IV Timeshare Interest 121,000 points, Week #3, Unit #81422 even 8505 West Irlo Bronson Memorial Hwy., Kissimmee, FL 34747** | **2,500.00** | **10,353.00** |

    **C.**    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Hyundai Motor Finance** | **2011 Hyundai Sonata (8400 miles) Location: 30 Olive Place, Fredericksburg VA 22405** | **200.00** | **Trustee** |
| **United Consumer Fin. Svcs.** | **Kirby Vacuum Cleaner Location: 30 Olive Place, Fredericksburg VA 22405** | **50.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

    **D.**    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Hyundai Motor Finance** | **2011 Hyundai Sonata (8400 miles) Location: 30 Olive Place, Fredericksburg VA 22405** | **19,229.00** | **4.5%** | **369.51 58 months** |
| **United Consumer Fin. Svcs.** | **Kirby Vacuum Cleaner Location: 30 Olive Place, Fredericksburg VA 22405** | **500.00** | **4.5%** | **Prorata 56 months** |

    **E.**    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**    **Unsecured Claims.**

    **A.**    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __5__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| First Horizon Home Loans a division of First Tennessee Bank NA c/o Nationstar Mortgage LLC | 4 BR, 3.5 BA Single Family Home, 5 acres Location: 30 Olive Place, Fredericksburg VA 22405 | 1,315.66 | 82,310.00 | 0% | 56 months | Prorata |
| First Horizon Home Loans a division of First Tennessee Bank NA c/o Nationstar Mortgage LLC | 3 BR, 3.5 BA Single Family Town home 14894 Enterprise Lane, Woodbridge, VA 22191 | 697.00 | 668.00 | 0% | 56 months | Prorata |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| Lando Resorts Corp. | Timeshare mortgage / installment payment contract to purchase 2 BR Vacation Village at Parkway Timeshare Interest, Parkway Boulevard, Kissimmee, FL, Unit Week #05, Unit #12601 |

| Creditor | Type of Contract |
|---|---|
| **Orange Lake Country Club** | Timeshare mortgage / installment payment contract to purchase 2 BR Orange Lake Country Club Villas IV Timeshare Interest 121,000 points, Week #3, Unit #81422 even |

    B.    **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

7.    **Liens Which Debtor(s) Seek to Avoid.**

    A.    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

    B.    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **First Tennessee Bank NA** | Home Equity Line | 3 BR, 3.5 BA Single Family Town home 14894 Enterprise Lane, Woodbridge, VA 22191 | 11 U.S.C. sec. 506(a)(1) & 11 U.S.C. sec. 1322(b)(2) |

8.    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9.    **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10.    **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11.    **Other provisions of this plan:**

Unsecured creditors please note that percentage estimate in section 4 excludes $3000.00 of the possible unsecured dividend "pot".  The sum of $3000.00 will be available to pay court approved supplemental debtor's attorney's fees, including but not

limited to, fees associated with the adversary proceeding necessary to avoid the second mortgage lien upon the debtors' residence pursuant to 11 U.S.C. §§ 506(a)(1) and 1322(b)(2). The percentage claim payment in section 4 of the plan is an estimate of the dividend and the actual payment may be different or vary per this notice and the final tally of claims filed. If no supplemental fees are awarded then the percentage dividend may increase. You will receive notice of such application, if any.

FIRST HORIZON / NATIONSTAR (Sec. 5A).

As a secured creditor holding an interest in the property being retained by the Debtor, First Horizon / Nationstar (or its successors) shall provide monthly statements to the debtor to assist in tracking and making payments on that mortgage. Said statements shall NOT be considered a violation of the automatic stay.

Additionally, upon confirmation of this ch.13 Plan, Mortgage Lender is hereby directed to immediately apply all funds currently held in suspense on Debtor's account as follows: first to any escrow shortage, after providing an itemized accounting and notice of such shortage to Debtor's counsel, and second to principal and interest.

**Signatures:**

**Dated:** **July 24, 2012**

**/s/ Basil R. Veal**
**Basil R. Veal**
**Debtor**

**/s/ Jason S. Greenwood**
**Jason S. Greenwood 74941**
**Debtor's Attorney**

**/s/ Anita M. Veal**
**Anita M. Veal**
**Joint Debtor**

**Exhibits:**     **Copy of Debtor(s)' Budget (Schedules I and J);**
         **Matrix of Parties Served with Plan**

Certificate of Service

I certify that on   **July 25, 2012**  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Jason S. Greenwood**
**Jason S. Greenwood 74941**
Signature

**1406 Princess Anne Street**
**Fredericksburg, VA 22401-3639**
Address

**(540) 368-5888**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

In re **Basil R. Veal / Anita M. Veal**
Debtor(s)

Case No. **11-16423**
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**First Tennessee Bank NA
P.O. Box 201347
Arlington, TX 76006**
*Name of creditor*

**3 BR, 3.5 BA Single Family Town home
14894 Enterprise Lane, Woodbridge, VA 22191**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☐ To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☒ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **8/30/2012** |
| Date and time of confirmation hearing: | **9/6/2012; 1:30 p.m.** |
| Place of confirmation hearing: | **Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, Virginia 22314** |

**Basil R. Veal
Anita M. Veal**
*Name(s) of debtor(s)*

By: **/s/ Jason S. Greenwood
Jason S. Greenwood 74941**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Jason S. Greenwood 74941**
*Name of attorney for debtor(s)*
**1406 Princess Anne Street
Fredericksburg, VA 22401-3639**
*Address of attorney [or pro se debtor]*

Tel. # **(540) 368-5888**
Fax # **(540) 368-5881**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **July 25, 2012**    .

        **/s/ Jason S. Greenwood**
        **Jason S. Greenwood 74941**
        *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

Case 11-16423-BFK    Doc 36    Filed 07/24/12    Entered 07/24/12 16:21:58    Desc Main
Document      Page 8 of 20

# United States Bankruptcy Court
### Eastern District of Virginia

In re **Basil R. Veal / Anita M. Veal**, Debtor(s)

Case No. **11-16423**
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Hyundai Motor Finance Company**
**Attn: Bankruptcy**
**P.O. Box 20809**
**Fountain Valley, CA 92708**
*Name of creditor*

**2011 Hyundai Sonata (8400 miles)**
**Location: 30 Olive Place, Fredericksburg VA 22405**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☒ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **8/30/2012** |
| Date and time of confirmation hearing: | **9/6/2012; 1:30 p.m.** |
| Place of confirmation hearing: | **Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, Virginia 22314** |

**Basil R. Veal**
**Anita M. Veal**
*Name(s) of debtor(s)*

By: **/s/ Jason S. Greenwood**
**Jason S. Greenwood 74941**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Jason S. Greenwood 74941**
*Name of attorney for debtor(s)*
**1406 Princess Anne Street**
**Fredericksburg, VA 22401-3639**
*Address of attorney [or pro se debtor]*

Tel. # **(540) 368-5888**
Fax # **(540) 368-5881**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this **July 25, 2012**.

        **/s/ Jason S. Greenwood**
        **Jason S. Greenwood 74941**
        *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

In re **Basil R. Veal / Anita M. Veal**, Debtor(s)

Case No. **11-16423**
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**United Consumer Fin. Svcs. (Kirby)**
**c/o Bass & Associates PC**
**3936 E. Ft. Lowell Suite 200**
**Tucson, AZ 85712**
*Name of creditor*

**Kirby Vacuum Cleaner**
**Location: 30 Olive Place, Fredericksburg VA 22405**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

    ☒ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **8/30/2012** |
| Date and time of confirmation hearing: | **9/6/2012; 1:30 p.m.** |
| Place of confirmation hearing: | **Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, Virginia 22314** |

**Basil R. Veal**
**Anita M. Veal**
*Name(s) of debtor(s)*

By: **/s/ Jason S. Greenwood**
**Jason S. Greenwood 74941**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Jason S. Greenwood 74941**
*Name of attorney for debtor(s)*
**1406 Princess Anne Street**
**Fredericksburg, VA 22401-3639**
*Address of attorney [or pro se debtor]*

Tel. # **(540) 368-5888**
Fax # **(540) 368-5881**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **July 25, 2012**   .

      **/s/ Jason S. Greenwood**
      **Jason S. Greenwood 74941**
      *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

B6I (Official Form 6I) (12/07)

In re **Basil R. Veal**
**Anita M. Veal**     Case No. **11-16423**
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **Daughter** / **Son** | AGE(S): **13** / **14** |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Support Tech.** | **Retail Sales Rep.** |
| Name of Employer | **Sprint / United Management Co.** | **Belk Stores of Virginia LLC** |
| How long employed | **10 years** | **1 month** |
| Address of Employer | **6391 Sprint Parkway** **Overland Park, KS 66251** | **2801 West Tyvola Road** **Charlotte, NC 28217-4500** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **5,969.00** | $ **867.00** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **5,969.00** | $ **867.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ **1,042.00** | $ **69.00** |
|    b. Insurance | $ **349.00** | $ **0.00** |
|    c. Union dues | $ **0.00** | $ **0.00** |
|    d. Other (Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **1,391.00** | $ **69.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **4,578.00** | $ **798.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **1,575.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance (Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income (Specify): **Pro-rated Anticipated Tax Refund** | $ **300.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **1,875.00** | $ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **6,453.00** | $ **798.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **7,251.00** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

**B6I (Official Form 6I) (12/07)**

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**Pursuant to US Treasury Supp. Dir. 10-02, Debtors will submit a HAMP mortgage modification application to mortgage servicer Nationstar; mortgage payment of $1237.00 on Schedule J is an adjustable interest-only mortgage payment that adjusts every (6) months - last adjustment 8/1/11; if mortgage modification for fixed-rate mortgage is approved, mortgage payment will increase significantly, however, mortgage arrearage currently included in Ch.13 plan will be recapitalized into the principal of the new loan and thereby result in the Debtors modifying their Ch.13 Plan base gross amount downward and possibly modifying the length/duration of the Ch.13 Plan.**

**B6J (Official Form 6J) (12/07)**

In re **Basil R. Veal / Anita M. Veal**                                                           Case No. **11-16423**
                                                     Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 1,237.00 |
| a. Are real estate taxes included? | Yes **X**    No ___ | |
| b. Is property insurance included? | Yes **X**    No ___ | |
| 2. Utilities:  a. Electricity and heating fuel | | $ 400.00 |
| b. Water and sewer | | $ 0.00 |
| c. Telephone | | $ 34.00 |
| d. Other **See Detailed Expense Attachment** | | $ 250.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 150.00 |
| 4. Food | | $ 850.00 |
| 5. Clothing | | $ 150.00 |
| 6. Laundry and dry cleaning | | $ 49.00 |
| 7. Medical and dental expenses | | $ 120.00 |
| 8. Transportation (not including car payments) | | $ 500.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 50.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | $ 0.00 |
| b. Life | | $ 0.00 |
| c. Health | | $ 0.00 |
| d. Auto | | $ 159.00 |
| e. Other | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) **Personal Property Taxes** | | $ 55.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | | $ 0.00 |
| b. Other **See Detailed Expense Attachment** | | $ 922.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other **Rental Property Maint. & Misc. Expenses (Ann./12)** | | $ 125.00 |
| Other **Misc. & Grooming** | | $ 100.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 5,151.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME
a. Average monthly income from Line 15 of Schedule I                                         $ 7,251.00
b. Average monthly expenses from Line 18 above                                                $ 5,151.00
c. Monthly net income (a. minus b.)                                                                       $ 2,100.00

**B6J (Official Form 6J) (12/07)**

In re   **Basil R. Veal**
      **Anita M. Veal**                                  Case No.  **11-16423**

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| Cable TV & Internet | $ 150.00 |
| Cell Phone Plan(s) | $ 100.00 |
| **Total Other Utility Expenditures** | **$ 250.00** |

**Other Installment Payments:**

| | |
|---|---:|
| Rental Property Mortgage | $ 697.00 |
| Rental Property HOA Dues | $ 75.00 |
| School Tuition & books (Associates Radiography) | $ 150.00 |
| **Total Other Installment Payments** | **$ 922.00** |

```
Allegiance Realty Partners LLC
dba Remax Allegiance
6226 Old Dominion Drive
Mc Lean, VA 22101-4217


American Collections Ent. Inc.
Acct No 10082490192
205 S. Whiting St.
Suite 500
Alexandria, VA 22304


Chrysler Financial
P.O. Box 9223
Farmington, MI 48333


Chrysler Group LLC
P.O. Box 21-8004
Auburn Hills, MI 48321-8004


Dominion Law Associates
Acct No 8532874793
Second Floor, Town Center
222 Central Park Ave.
Virginia Beach, VA 23462-3026


Equifax Credit Info Svcs, Inc.
P.O. Box 740241
Atlanta, GA 30374


Equifax Information Svc. Ctr.
P.O. Box 105873
Atlanta, GA 30348


Experian Information Solutions
Attn: Supervisor, Legal Dept.
701 Experian Parkway
P.O. Box 1240
Allen, TX 75013


First Horizon Home Loans a div
Acct No 4810050118538
of First Tennesse Bank NA
c/o Nationstar Mortgage LLC
P.O. Box 829009
Dallas, TX 75382-9009
```

```
First Horizon Home Loans a div
Acct No 4810055068035
of First Tennesse Bank NA
c/o Nationstar Mortgage LLC
P.O. Box 829009
Dallas, TX 75382-9009


First Tennessee Bank NA
Acct No 4458370396756732
P.O. Box 201347
Arlington, TX 76006


Hyundai Motor Finance
Acct No 20110409742174
Attn: Bankruptcy
P.O. Box 20809
Fountain Valley, CA 92708


Hyundai Motor Finance
Attn: Bankruptcy
P.O. Box 20809
Fountain Valley, CA 92708


Insolve Recovery LLC
Acct No 6019211311024797
PO Box 269093
Oklahoma City, OK 73126-9093


Jeffrey L. Marks
Kaufman & Canoles
2101 Parks Ave.
Suite 700
Virginia Beach, VA 23451


Lando Resorts Corp.
Acct No 87950132008
3015 North Ocean Blvd.
Suite 121
Fort Lauderdale, FL 33308


Lando Resorts Corp.
3015 North Ocean Blvd.
Suite 121
Fort Lauderdale, FL 33308
```

```
Mary Washington Hospital
12000 Kennedy Lane
Suite 100
Fredericksburg, VA 22407


Midland Credit Management
Acct No 8532874793
P.O. Box 939019
San Diego, CA 92193


Nationstar Mortgage LLC
Acct No 4810050118538
350 Highland Drive
Lewisville, TX 75067


Nationstar Mortgage LLC
Acct No 4458370396756732
350 Highland Drive
Lewisville, TX 75067


Orange Lake Country Club
Acct No 6073195
8505 W. Irlo Bronson Hwy.
Kissimmee, FL 34747


Orange Lake Country Club
8505 W. Irlo Bronson Hwy.
Kissimmee, FL 34747


Portfolio Recovery Assoc., LLC
P.O. Box 12914
Norfolk, VA 23541


Richard Epps, Esq.
605 Lynnhaven Parkway
Virginia Beach, VA 23452


RJM Acq. LLC
575 Underhill Blvd.
Syosset, NY 11791


Security Collection Agency
Acct No 143555029301
P.O. Box 910
Edenton, NC 27932
```

```
TransUnion
P.O. Box 6790
Fullerton, CA 92834


TransUnion
P.O. Box 2000
Crum Lynne, PA 19022


TransUnion
P.O. Box 1000
Chester, PA 19016


U.S. Dept. of Ed/GLELSI
Acct No 228352346898581
2401 International Lane
Madison, WI 53704


United Consumer Fin. Svcs.
Acct No 65160874
865 Bassett Rd.
Westlake, OH 44145
```